# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40109

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2015

Lyle W. Cayce
Clerk

TENIA DOTTIN,

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-710

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

The plaintiff, Tenia Dottin, brings this appeal, contending that the district court erred in dismissing her claims under the Americans with Disabilities Act ("ADA"), 28 U.S.C. §§ 12101 *et seq.* Dottin is a former employee of the Texas Department of Criminal Justice ("TDCJ"), and alleges that TDCJ violated Title II of the ADA when it discharged her because she was disabled. Dottin also brings a retaliation claim under Title V of the ADA. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40109

court found that Title II of the ADA does not cover employment discrimination, and, with respect to Dottin's retaliation claim, that TDCJ was entitled to an Eleventh Amendment-based sovereign immunity defense.

At the time the district court issued its decision in this case, this Court had not addressed whether Title II covers disability discrimination in employment. This Court, however, has since ruled on the issue, holding that Title II does not cover employment discrimination. *See Taylor v. City of Shreveport*, 798 F.3d 276, 282–83 (5th Cir. 2015) ("The district court correctly dismissed Plaintiffs' Title II claims. Unlike Title I of the ADA, Title II does not create a cause of action for employment discrimination."). Consequently, the district court's dismissal of Dottin's Title II claim is affirmed.

The district court's dismissal of Dottin's retaliation claim under Title V of the ADA is also affirmed. Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring a retaliation claim against a state entity only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state. *See, e.g.*, *Lors v. Dean*, 746 F.3d 857, 863–64 (8th Cir. 2014). As previously stated, Dottin has not alleged a valid discrimination claim under Title II. Nor has she shown how TDCJ's conduct implicates the Fourteenth Amendment's protections. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) (stating that, when deciding whether Title II of the ADA abrogates a state's sovereign immunity, a court should consider whether the State's alleged conduct violated Title II, and whether the alleged misconduct also amounts to a violation of the Fourteenth Amendment). Thus, Dottin has not alleged a retaliation claim sufficient to overcome the sovereign immunity of the State of Texas.

Accordingly, the district court's judgment is

AFFIRMED.

2